UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DENISE STRADFORD and ANTHONY
CAMPIGLIA, on behalf of themselves and all         ECF CASE
other persons similarly situated,
                                                                            COMPLAINT
                                   Plaintiffs,
                                                                            Case No. 17 Civ. 2383
      v.


COHEN & STEERS CAPITAL MANAGEMENT,
INC.,

                                **Defendant.**
-----------------------------------------------------------------x

       PLAINTIFFS, Denise Stradford and Anthony Campiglia (hereinafter collectively referred to as "Plaintiffs"), by and though his undersigned attorneys, for their Complaint, against DEFENDANT, Cohen & Steers Capital Management, Inc. (hereinafter "Defendant"), allege as follows, on behalf of themselves and on behalf of all other persons similarly situated, upon information and belief:

## INTRODUCTION

1. Plaintiffs allege, on behalf of themselves and on behalf of others similarly situated current and former employees of Defendants who elect to opt into this action, that they are entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); and (ii) attorneys fees and costs, liquidated damages and interest pursuant to the FLSA and its Federal Wage Regulations.

2. Plaintiffs allege, on behalf of themselves and on behalf of others similarly situated current and former employees of Defendants who elect to opt into this action, that they are also entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"), and New York State Department of Labor's Miscellaneous Industries and Occupations Minimum State Wage Order, Part 142 et seq. ("State Wage Order"); and, (ii) attorneys fees and costs, interest and liquidated and punitive damages pursuant to the NYLL and the State Wage Order.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367.  The Court also ahs jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Denise Stradford, at all relevant times, resided in Queens County, New York.

7. Plaintiff Anthony Campiglia, at all relevant times, resided in Hoboken, New Jersey.

8. Plaintiffs consent in writing to be a party of this action pursuant to 29 U.S.C. § 216(b) is attached to this complaint and incorporated by reference.

9. Defendant Cohen & Steers Capital Management, Inc., is a domestic business entity duly existing under the laws of the State of New York.

10. Defendant, at all relevant times, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief, at all relevant times Defendant had gross annual revenues in excess of $500,000.

12. Defendant, at all relevant times, maintained its principal place of business in Manhattan, New York.

## COLLECTIVE ACTION CLAIMS

13. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since April 3, 2014, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning o the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

14. The eligible potential Collective Action members are numerous enough that joinder of all members is impracticable. Although the precise number of such persons is

unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, most of such persons would not be likely to file individual suites because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and collective action litigation.  Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

17. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a) Whether the Defendant employed Collective Action Members within the meaning of the FLSA;

    b) what proof of horus worked is sufficient hwere the employer fails in its duty to maintain time records;

    c) whether the Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation fo the FLSA and the regulations promulgated thereunder;

    d) whether Defendants' violations f the FLSA are willfull as that term is used within the context of the FLSA;

    e) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and,

    f) whether Defendants ashoudl be enjoined from such violations of the FLSA in the future.

18. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

19. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendant and misclassified as exempt workers and were denied proper overtime premiums for hours worked beyond forty hours in a week.

20. They are further similarly situated in that Defendant had a policy and practice of knowingly and willfully refusing to pay them overtime.

21. The exact number of such individuals is presently unknown, but is known to by Defendant and can be ascertained through the discovery process.

**STATEMENT OF FACT**

22. Plaintiff Stradford started working for the Defendant in or around October 2013 as a full-time Help Desk (Desktop Support) Specialist and was assigned to work with Defendant's asset management firm.

23. Plaintiff Campiglia started working for the Defendant in or around November 2014 as a full-time Help Desk (Desktop Support) Associate and was assigned to work with Defendant's asset management firm.

24. Plaintiff Campiglia ceased working for the Defendant on or around November 2, 2016.

25. Defendant failed to pay Plaintiffs their wages in compliance with federal and state law from during their employment (hereinafter "relevant times").

26. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiffs.

27. As Help Desk (Desktop Support) Associates, the Plaintiffs performed the following duties: (1) respond to telephone calls, emails and personnel requests for technical support; (2) provide support resolving day to day technical issues for users within Defendant's corporate office and remote users, including employees working from home and also employees in international offices; (3) open and close help desk tickets, including incidents and service requests; (4) provide support over the telephone to remote users and personally to on-site users; (5) perform physical labor to set up, repair, and maintain a wide range of hardware, including telephones, desktops, laptops, and printers; (6) install, repair, and maintain a wide range of software including Bloomberg, Citrix, MS Office, Morningstar Direct, Factset, Salesforce, Mars, Concur, operating systems such as Windows 7, iOs and Android, and provide technical assistance and training to the

end-users; (7) work under the supervision of other IT personnel in Networking, Application Development, Business Development and other departments to provide assistance on system maintenance and configuration projects; and, (8) performed rotating on-call after-hours shifts to provide support to off-site users and remote offices.

28. Plaintiffs did not have or exercise supervisory authority over other individuals in their capacity as Help Desk Associates during their employment with Defendant.

29. Plaintiffs did not have any responsibilities or duties involving the management of Defendant's enterprise or a subdivision thereof.

30. Plaintiffs were not involved in any way with the Defendant's decisions hire or fire employees during their employment with the Defendant.

31. Plaintiffs did not make recommendations with respect to hiring, advancing, promoting, or changing the status of other employees during their employment with the Defendant.

32. Plaintiffs did not have disciplinary authority over the Defendant's employees.

33. Plaintiffs did not have the authority to approve or disapprove the Defendant's employees' requests for leaves of absence and vacations.

34. Defendant failed to pay Plaintiffs their wages in compliance with federal and state law from during their employment (hereinafter "relevant times").

35. From in or around 2013 through 2017, Defendant suffered or permitted Plaintiffs to work over 40 hours per week without properly compensating them.

36. For example, in or around the week beginning on February 1, 2016, Plaintiff Campiglia worked more than 40 hours in one calendar week without being paid an

overtime rate equal to one and half of his regular hourly rate after working the forty hours.

37. In or around the week beginning on February 8, 2016, Plaintiff Campiglia also worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours.

38. In or around the week beginning on February 15, 2016, Plaintiff Campiglia also worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours.

39. In or around the week beginning on February 22, 2016, Plaintiff Campiglia also worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours

40. For another example, in or around the week beginning on August 29, 2016, Plaintiff Stradford worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours.

41. In or around the week beginning on September 5, 2016, Plaintiff Stradford also worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours.

42. In or around the week beginning on September 12, 2016, Plaintiff Stradford also worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours.

43. In or around the week beginning on September 19, 2016, Plaintiff Stradford also worked more than 40 hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty hours.

44. At all relevant times, Defendant knew that Plaintiffs were entitled to overtime wages for the hours which Plaintiffs worked in excess of 40 each workweek.

45. During Plaintiffs' employment with Defendant, Defendant willfully, as defined in 29 U.S.C. § 255, refused to pay Plaintiffs the statutory overtime amount of one-and-one-half times Plaintiffs' regular hourly wage as required by the FLSA, the Federal Wage Regulations, NYLL and the State Wage Order.

46. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiffs for all of the hours that Plaintiffs worked, in violation of the FLSA and the Federal Wage Regulations.

47. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiffs for all of the hours that Plaintiffs worked, in violation of the NYLL and the State Wage Order.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT

48. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to its employees who worked in excess of 40 hours per workweek.

50. As a result of the Defendant's willful failure to compensate its employees, including Plaintiffs, for overtime pay at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 et seq. and the Federal Wage Regulations.

51. As a result of Defendant's failure to record, report, credit, and/or compensate its employees, including Plaintiffs, Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq. and the Federal Wage Regulations.

52. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant unpaid overtime wage compensation and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

54. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. Defendant willfully violated Plaintiffs' rights by failing to pay minimum overtime compensation at rates not less than one and one-half times the regular rate of pay for each

hour worked in excess of forty hours in a workweek in violation of the NYLL and the State Wage Order.

56. Defendant's NYLL violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

57. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL §§ 198 and 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

c) An injunction against Defendant and their respective officers, agents, successors, employees, representatives and any and all persons acting in

concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d) An award of overtime compensation due under the FLSA and the NYLL

e) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to FLSA § 216 and NYLL §§ 198 and 663(1);

f) An award of prejudgment and post judgment interest;

g) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

h) Such other and further relief as this Court deems just and proper.

Date: April 3, 2017
New York, NY

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: _____
Fausto E. Zapata, Jr. (FZ4957)
Attorneys for Plaintiff
277 Broadway, Suite 206
New York, NY 10007
Tel. (212) 766-9870

# FLSA Consent to Sue Forms

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Cohen & Steers to pay me overtime wages as required under state and /or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action lawsuit. I have been provided with a copy of the retainer agreement that I signed by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms.

_____
Anthony Campiglia

3/28/17
_____
Date

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Cohen & Steers to pay me overtime wages as required under state and /or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action lawsuit. I have been provided with a copy of the retainer agreement that I signed by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms.

_____
Denise Stradford

_3-27-17_____
Date